UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY FERGUSON,

        Plaintiff,

    v.                                  **DECISION AND ORDER**
                                                    08-CV-506S

TERRANCE STEVENS

        Defendant.

        1.      *Pro se* Plaintiff and former inmate at Attica Correctional Facility ("Attica"), Gregory Ferguson, commenced this action under 42 U.S.C § 1983 on August 19, 2009 by filing a complaint in the Southern District of New York (Docket No. 4-3) alleging that Corrections Officer Terrance Stevens violated his constitutional rights by failing to protect him from another inmate. Presently before this Court is Defendant's Motion for Summary Judgment. (Docket No. 32.)

        2.      Cognizant of the distinct disadvantage that *pro se* litigants face, this Court has read Ferguson's submissions carefully and liberally, and has interpreted them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). As such, based on the facts alleged, this Court construes Ferguson's complaint as one for deliberate indifference sounding in the Eighth Amendment.

        3.      On June 18, 2008, Ferguson's claim alleging the same set of facts was tried by Hon. Michael E. Hudson in the New York State Court of Claims. (See Stevens Declaration, "Decision"; Exhibit A; Docket No. 34.) There, Ferguson alleged that

Defendants acted negligently when both Ferguson and another inmate, James Coleman, were placed in a grievance hearing waiting room together. As in this case, Ferguson alleged that Stevens did not adequately protect him from Coleman, who punched Ferguson breaking his nose, left cheek bone, and left eye-socket. (S.D.N.Y. Form Complaint, "Facts," "Injuries"; Docket No. 4-3.) Judge Hudson found that Ferguson failed to establish that the risk of attack was reasonably forseeable or that Stevens and other staff acted negligently in performing their duties, finding instead that Stevens responded to the altercation in a timely manner. (Decision, pp. 6-7.)

4.   Stevens now moves for summary judgment on collateral estoppel grounds, arguing that the prior litigation in the Court of Claims precludes this action.

5.   Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" only if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970) (internal quotations and citation omitted). It is well-established that the preclusive effect of a prior adjudication provides an appropriate basis for determination on a motion for summary judgment. See, e.g., Valle v. Gebler, No. 02-CV-194(SR), 2005 WL 589819 (W.D.N.Y. Mar.

14, 2005).

6. A suit will be precluded "when it involves the same 'transaction' or connected series of transactions as the earlier suit." Maharak v. Bankamerica Corp., 128 F.3d. 94, 97 (2d Cir. 1997). "[A] federal court must apply the rules of collateral estoppel of the state in which the prior judgment was rendered." Sullivan v. Gagnier, 225 F.3d 161, 167 (2d Cir. 2000); Allen v. McCurry, 449 U.S. 90, 96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."). In two relevant decisions, the Court of Appeals for the State of New York has explained the doctrine as follows:

> Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same. The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action. The burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in the prior action or proceeding.

Parker v. Blauvelt Vol. Fire Co., Inc., 93 N.Y.2d 343, 351, 690 N.Y.S.2d 478, 712 N.E.2d 647(1999) (internal quotations, citations and alterations omitted).

> A determination whether the first action or proceeding genuinely provided a full and fair opportunity requires consideration of the realities of the prior litigation, including the context and other circumstances which may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him. Among the specific factors to be considered are the nature of

> the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation.

Ryan v. New York Tel. Co., 62 N.Y.2d 494, 490-91, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984) (internal quotations, citations and alterations omitted).

7. It is clear here that both actions involve the same transaction or series of transactions, that there was a final determination on the merits, and that Ferguson had a full and fair opportunity to litigate his claim in the Court of Claims. First, just as in his Court of Claims case, Ferguson seeks redress for Stevens' failure to protect him from inmate Coleman. Second, Judge Hudson made a clear determination, on the merits of Ferguson's claim, that Stevens was not negligent. Third, Ferguson represented himself at a trial where he was able to call witnesses and cross-examine witnesses and argue his case.

8. Ferguson's argument that collateral estoppel does not apply because he now raises a constitutional cause of action is unavailing. Collateral estoppel bars the relitigation of the same set of facts, regardless of the particular causes of action raised. See Wright v. Coughlin, No. 85 CIV-624(LBS), 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987) ("Although the Court of Claims never considered the action as a civil rights issue nor as one against the individual officers, the Court of Claims did conclusively resolve the same set of facts on which both claims exist. Whether or not the claim is characterized as negligence or as a violation of civil rights, the issues are the same.") It has already been decided that Stevens' actions were not negligent, as such, they could not be "wanton or malicious" – the showing necessary to meet the higher standard applicable to Eighth Amendment claims brought under Section 1983. Therefore, Ferguson's claim is barred by

the doctrine of collateral estoppel and Stevens' motion for summary judgment is granted.

\*\*\*

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 32) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: December 30, 2011
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
